UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL FRIEDMANN,<br><br>      Plaintiff,<br> v.<br><br>FRANKLIN PIERCE PUBLIC SCHOOLS, et al.,<br><br>      Defendants. | CASE NO. 3:22-cv-06010-LK<br><br>ORDER TO SHOW CAUSE |

  This matter comes before the Court on pro se Plaintiff Michael Friedmann's complaint. Dkt. No. 5. United States Magistrate Judge David W. Christel granted Mr. Friedmann's application to proceed *in forma pauperis* but recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 4.

  Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). The typical bases for federal jurisdiction are

ORDER TO SHOW CAUSE - 1

established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (e.g., residents of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction" over a case. Fed. R. Civ. P. 12(h)(3). In addition, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss plaintiffs' complaints if their claims (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

Mr. Friedmann alleges that after he worked as a substitute teacher for Franklin Pierce Public Schools, teacher Jayne Marshal filed a complaint accusing him of referring to Black students as "coco puffs" and being a "white supremacist" based on his tattoos. Dkt. No. 5 at 6. He claims that in making and investigating that complaint, Ms. Marshal, Human Resources Director Brandy Marshall, and Franklin Pierce Public Schools subjected him to "defamation, libel and slander," violated his First Amendment rights, and discriminated against and harassed him in violation of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). *Id.* at 6–7; *see also id.* at 6 (stating that he is "100% Latino" and "100% disabled").

Mr. Friedmann's allegations against the State of Washington, its Office of Superintendent of Public Instruction, Superintendent Chris Reykdal, the United States of America, and the United States Department of Education are far less specific. He does not allege that any of those defendants employed him, discriminated against him, or took any action based on his speech. *See id.* at 7. Instead, Mr. Friedmann claims that those state and federal defendants failed to oversee Franklin Pierce Public Schools. *Id.* (alleging that the state defendants "are directly responsible for

ORDER TO SHOW CAUSE - 2

ensuring that public schools and public educators do not violate" Title VII, the ADA, and the First Amendment); *id.* (alleging that the federal defendants "are also directly responsible for funding and failing to ensure that public schools provide safe environments free of discriminatory behaviors and practices"). But he does not allege that the "Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or any other laws require them to do so. The complaint, even when liberally construed, fails to show that the Court has subject matter jurisdiction over any claim against those defendants. The Court also notes that a plaintiff suing the United States must identify an unequivocal waiver of its sovereign immunity. *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998). Therefore, the complaint's allegations against the federal and state defendants fail to identify a basis for the Court's subject matter jurisdiction.

In addition to those deficiencies, the complaint fails to state a claim upon which relief can be granted against the federal or state defendants. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But the complaint is devoid of factual allegations against the federal and state defendants.

Accordingly, Mr. Friedmann is ORDERED TO SHOW CAUSE why his claims against the State of Washington, the Office of Superintendent of Public Instruction, Superintendent Chris Reykdal, the United States of America, and the United States Department of Education should not be dismissed for lack of subject matter jurisdiction and failure to state a claim. Mr. Friedmann shall, within thirty (30) days of the date of this Order, file an amended complaint that provides a short and plain statement of the factual basis for each of the claims against each defendant as required by Federal Rule of Civil Procedure 8 and identifies the basis for the Court's subject matter jurisdiction, including any waiver of sovereign immunity by the United States. Such amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963

F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Mr. Friedmann believes support each claim, and the specific relief requested. If a proper amended complaint is not filed within thirty (30) days of the date of this Order, the claims against the federal and state defendants will be dismissed without prejudice, and Mr. Friedmann may be allowed to proceed only against Franklin Pierce Public Schools, Brandy Marshall, and Jayne Marshal.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Mr. Friedmann at his last known address, and to place this Order to Show Cause on the Court's calendar for February 17, 2023.

Dated this 18th day of January, 2023.

*Lauren King*

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 4