UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL FRIEDMANN,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>FRANKLIN PIERCE PUBLIC SCHOOLS, et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:22-cv-06010-LK<br><br>ORDER TO SHOW CAUSE |

　　　This matter comes before the Court sua sponte. Plaintiff Michael Friedmann filed this case in December 2022 and was issued summonses on April 6, 2023, but he has failed to serve the summons and complaint on Defendants within the time prescribed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m).

　　　"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal

ORDER TO SHOW CAUSE - 1

jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). And when, as here, "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The district court must extend the 90-day period upon a showing of good cause and, absent such a showing, retains broad discretion to dismiss the action or extend the period for service. *Id.*; *see In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

In this case, even if the 90-day period did not begin to run until April 6, 2023 when summonses were issued, Dkt. No. 13, Mr. Friedmann did not serve Defendants within 90 days thereafter. He has filed documents titled "Proof of Service on Defendants and Declaration of Michael Friedmann," Dkt. No. 14, but that filing does not demonstrate service. Rather, Mr. Friedmann avers that he mailed requests to waive service "addressed to the same address on record for all Defendants in this matter," and Defendants have not returned signed waivers. *Id.* at 2. Because Defendants have not waived service, Mr. Friedmann must serve them as required by Federal Rule of Civil Procedure 4. In light of Mr. Friedmann's pro se status and apparent belief that he has served Defendants, the Court finds good cause and extends the service deadline to 30 days from the date of this Order.[1]

---

[1] The Court notes that the United States District Court for the Western District of Washington's "Pro Se Guide," https://www.wawd.uscourts.gov/sites/wawd/files/ProSeManual4_8_2013wforms.pdf, provides guidance for pro se litigants on various topics, including the service requirement.

ORDER TO SHOW CAUSE - 2

The Court further ORDERS Mr. Friedmann, within 35 days of this Order, to either file proof of service or show cause why the Court should not dismiss all claims against Defendants without prejudice for failure to timely serve them in accordance with Rule 4. Alternatively, Mr. Friedmann may request an additional extension of the now-extended 90-day period and establish good cause to do so. The Court will dismiss the case without prejudice absent a timely response.

Dated this 26th day of July, 2023.

Lauren King
United States District Judge