UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL FRIEDMANN,<br><br>              Plaintiff,<br><br>      v.<br><br>FRANKLIN PIERCE PUBLIC SCHOOLS, et al.,<br><br>              Defendants. | CASE NO. 3:22-cv-06010-LK<br><br>ORDER DENYING MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Defendants' Motion for Attorney's Fees, Dkt. No. 58, following the Court's order granting Defendants' dispositive motion on all claims, Dkt. No. 53. For the reasons below, the Court denies Defendants' motion for attorney's fees.[1]

## I.   BACKGROUND

This matter arose out of Plaintiff Michael Friedmann's stint as a substitute teacher with Defendant Franklin Pierce Public Schools in 2022. Dkt. No. 5 at 6. The school district temporarily

---

[1] The motion states both that all three "Defendants" seek fees and that "the District" requests its fees. Dkt. No. 58 at 1, 8. Because the Court is not awarding fees, it does not decide which Defendant(s) incurred fees.

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 1

paused Friedmann's ability to register for teaching assignments after receiving complaints that he failed to follow lesson plans, used profanity around young students, referred to students in racially derogatory terms, and had "white supremacist tattoos." Dkt. No. 53 at 2–4.

On December 28, 2022, Mr. Friedmann initiated this lawsuit against Franklin Pierce Public Schools, teacher Jayne Marshall, and Human Resources Director Brandy Marshall. Dkt. No. 1. He alleged that all three Defendants violated his rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), the First and Fourth Amendments to the United States Constitution, and Washington libel, slander, and defamation laws. Dkt. No. 5 at 7. Specifically, Mr. Friedmann alleged that Defendants discriminated against him based on his gender, race, and disability status. *Id.* at 6 (identifying as male, "100% Latino," and "100% disabled"). Mr. Friedmann also contended that he was "discriminated against for having tattoos" and for "teaching in a cowboy hat," and he was "forced to strip in front of two women to show [his] tattoos[.]" *Id.* Mr. Friedmann further averred that Jayne's "complaint" about his classroom conduct was entirely untrue and "defamatory, slanderous, and libelous." *Id.* (alleging that a third party made "false allegations" about his tattoos "and then discussed them with Jayne Marshal[l], furthering [his] claims of defamation, libel and slander").

The parties filed cross motions for summary judgment. Dkt. Nos. 32–33. After receiving those motions, the Court issued a minute order noting that they did not address Mr. Friedmann's constitutional claims. Dkt. No. 46. Defendants then filed a supplemental motion for summary judgment, Dkt. No. 48, and Mr. Friedmann filed a response and motion for summary judgment, Dkt. No. 49. On September 30, 2024, the Court issued an order dismissing Mr. Friedmann's claims for statutory defamation, a Fourth Amendment violation, and First Amendment viewpoint discrimination and free exercise violations, granting Defendants' motions for summary judgment on Mr. Friedmann's remaining claims, and denying Mr. Friedmann's motions to strike, for

sanctions, and for summary judgment. Dkt. No. 53 at 30. Mr. Friedmann then filed an appeal and an amended notice of appeal. Dkt. Nos. 55–56.

Defendants filed this motion for an award of attorney's fees in the amount of $44,820 under 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 12205, 42 U.S.C. § 1988(b), and Section 4.84.185 of the Revised Code of Washington. Dkt. No. 58 at 1. They also argue that "Federal Rule of Civil Procedure 54(d) creates a presumption that a prevailing party is entitled to its attorneys' fees following final judgment," and they are prevailing parties. *Id.* at 2. Mr. Friedmann does not dispute that Defendants are prevailing parties, but he otherwise opposes the motion. *See generally* Dkt. No. 60.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 54(d) provides a mechanism for awarding costs and attorney fees when otherwise authorized by "statute, rule, or other grounds[.]" Fed. R. Civ. P. 54(d)(2)(B)(ii). Title VII provides for a "reasonable attorney's fee" to the prevailing party. 42 U.S.C. § 2000e-5(k). In Title VII cases, courts apply different standards for awarding fees to prevailing plaintiffs and prevailing defendants because Congress intended for private rights of action to be the primary enforcement mechanism for violations of civil rights, and "when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418 (1978). Still, courts may, in their discretion, award fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421. The Ninth Circuit has applied the same standard in cases brought under the ADA, which also provides for fee shifting. *See* 42 U.S.C. § 12205; *Garcia v. Gateway Hotel L.P.*, 82 F.4th 750, 756 (9th Cir. 2023).

The *Christiansburg* standard also applies in cases involving Section 1983 claims. *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1980). In suits under Section 1983, courts have discretion under 42 U.S.C. § 1988 to award reasonable attorney's fees. *Braunstein v. Arizona Dep't of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012). "However, because Congress wanted to encourage individuals to seek relief for violations of their civil rights, § 1988 operates asymmetrically." *Id.* That is, a "prevailing plaintiff may receive attorneys' fees as a matter of course, but a prevailing defendant may only recover fees in 'exceptional circumstances' where the court finds that the plaintiff's claims are 'frivolous, unreasonable, or groundless.'" *Id.* (quoting *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 971 (9th Cir. 2011)). Frivolous cases include

> where (1) reasonable inquiry was not made and which are insufficient as a matter of law, [*Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998)]; (2) the causes of action do not provide liability against defendants, *Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997); (3) the case seeks money damages from immune defendants, *Franceschi v. Swartz*, 57 F.3d 828, 832 (9th Cir. 1995); or (4) the case has no evidence supporting it, *Evers v. County of Custer*, 745 F.2d 1196, 1199 (9th Cir. 1984).

*Kivlin v. City of Bellevue*, No. C20-0790-RSM, 2021 WL 5140260, at *10 (W.D. Wash. Nov. 4, 2021); *see also Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) ("A case may be deemed frivolous only when the result is obvious or the arguments of error are wholly without merit." (cleaned up)).

Under Title VII, the ADA, and Section 1988, a Court may award attorney's fees if a plaintiff's suit include both frivolous and non-frivolous claims, but a defendant "is not entitled to any fees arising from these non-frivolous charges." *Fox v. Vice*, 563 U.S. 826, 834 (2011) (Section 1983 claim); *id.* at 839 (explaining that "the trial court must determine whether the fees requested would not have accrued but for the frivolous claim"); *Harris*, 631 F.3d at 968 (explaining in a Title VII and Section 1983 case that "only fees attributable exclusively to plaintiff's frivolous claims are recoverable by a defendant" (cleaned up)) (internal quotation marks and citation omitted); *C.W.*

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 4

1  *v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1250 (9th Cir. 2015) (applying the same standards in a case involving an ADA claim). A defendant "bears the burden of establishing that the fees for which it is asking are in fact incurred solely by virtue of the need to defend against those frivolous claims." *Harris*, 631 F.3d at 971. Where, as here, the nonprevailing plaintiff is pro se, the Court must consider that factor and apply the *Christiansburg* standard "with particular strictness[.]" *Miller*, 827 F.2d at 620 (explaining that courts should apply *Christiansburg* in pro se cases "with attention to the plaintiff's ability to recognize the merits of his or her claims").

Section 4.84.185 of the Revised Code of Washington provides that a court may require a nonprevailing party "to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing" an action that was "frivolous and advanced without reasonable cause[.]" In making that determination, courts "shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause." *Id.* The statute is intended to "discourage frivolous lawsuits and to compensate the targets of such lawsuits for fees and expenses incurred in fighting meritless cases." *Biggs v. Vail*, 830 P.2d 350, 354 (Wash. 1992). Attorney's fees under the statute are warranted only when "the action *as a whole* [is] deemed frivolous." *Id.* ("The lawsuit, as a whole, that is in its entirety, must be determined to be frivolous and to have been advanced without reasonable cause before an award of attorneys' fees may be made under the statute"). "A frivolous action is one that cannot be supported by any rational argument on the law or facts." *Hanna v. Margitan*, 373 P.3d 300, 308 (Wash. Ct. App. 2016) (quoting *Rhinehart v. Seattle Times, Inc.*, 798 P.2d 1155, 1160 (Wash. Ct. App. 1990)).

**B.      The Court Declines to Award Attorney's Fees**

Defendants argue that they are entitled to an award of fees because Mr. Friedmann acted in bad faith and his claims were frivolous, unreasonable, and without foundation. Dkt. No. 58 at

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 5

4. Mr. Friedmann responds that Defendants admitted to the conduct described in his complaint, and he cannot pay the requested fees due to indigency. Dkt. No. 60 at 1. He also notes that parties should not be punished "for exercising their legal rights, which undermines access to justice" and "could discourage parties from pursuing legitimate claims or defenses, particularly when they lack substantial resources." *Id.* at 2–3.

Defendants argue that fees are warranted because Mr. Friedmann acted in bad faith. Dkt. No. 58 at 4. In support, they cite to an email Mr. Friedmann wrote in response to Defendants' request to meet and confer before filing their dispositive motion. Mr. Friedmann responded,

> I am not sure what you wish to explore. I will continue to file lawsuits and appeals on this matter for the next 20 years and your clients will spend millions in attorney[']s fees over that time and there won[']t be a dime from me as I am judgement proof. Your clients should have settled this matter. If they force me to file dispositive motions opportunities for settlement become much more limited.

Dkt. No. 59-4 at 1. As Defendants note, when bad faith is present, "there will be an even a stronger basis for charging [plaintiff] with the attorney's fees incurred by the defense." *Christiansburg*, 434 U.S. at 422. Here, though, it is not clear that Mr. Friedmann's blustery email reflects an improper purpose or shows that he knew his lawsuit was frivolous. The Court thus does not conclude that it represents evidence of bad faith. The Court notes, however, that Mr. Friedmann's threat to file "lawsuits and appeals on this matter for the next 20 years" could be viewed as evidence of bad faith should he choose to file any additional claims against Defendants.

Even without a finding of bad faith, the Court can award fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation[.]" *Christiansburg*, 434 U.S. at 421. Some of Mr. Friedmann's claims were frivolous. As the Court's prior order explained, he asserted ADA claims without identifying any impairment that "substantially limit[s]" a "major life activity." Dkt. No. 53 at 16 (quoting 42 U.S.C. § 12102(1)(A)). He thus failed to establish a basic threshold element to establish an ADA claim. *See Vopnford v. Wellcare Health Plans*, No. C16-

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 6

1835-JLR, 2017 WL 3424964, at *11 (W.D. Wash. Aug. 8, 2017) (dismissing ADA claim for failure to allege a disability); see also C.W., 784 F.3d at 1247 (explaining that an ADA claim was frivolous where it lacked any legal foundation and the result was obvious). In addition, his Title VII and ADA claims failed against the two individual Defendants because these statutes do not provide for individual liability. Dkt. No. 53 at 16 n.6 (citing cases). Mr. Friedmann presented no evidence of discrimination based on his disability, religion, national origin, or gender, id. at 12–13, and he did not state a Fourth Amendment claim against any Defendant or substantively respond to Defendants' motion for summary judgment on that claim, id. at 27–29. These claims were frivolous.

In evaluating whether the remainder of Mr. Friedmann claims justify a fee award, the Court must consider his pro se status. Miller, 827 F.2d at 620 (finding legal error when the court failed to consider plaintiff's pro se status). Pro se parties do not get a free pass to file frivolous claims; like other litigants, they have an affirmative duty to investigate the law and facts before filing their complaints and other documents. See, e.g., Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1508 (9th Cir. 1987) (citing Federal Rule of Civil Procedure 11). At the same time, "pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." Miller, 827 F.2d at 620; see also Manson v. Low Income Hous. Inst., No. 07-977-JLR, 2008 WL 11506731, at *1 (W.D. Wash. May 12, 2008) (same).[2] Because Mr. Friedmann is proceeding pro se, the Court cannot conclude that he should have recognized that his Title VII claim of race discrimination was wholly frivolous when he stated in a declaration that members of another racial group were treated better. Dkt. No.

---

[2] Defendants note that Mr. Friedmann has filed numerous other lawsuits in this district, "which have had various levels of success." Dkt. No. 58 at 7. While he has filed other claims, none presented employment-related issues like this case. See, e.g., Miller, 827 F.2d at 620 ("[R]epeated attempts by a pro se plaintiff to bring a claim previously found to be frivolous militates in favor of awarding attorney's fees to a prevailing defendant.").

53 at 13–14. Although those individuals were not proper comparators, Mr. Friedmann may not have recognized the distinction. Similarly, Mr. Friedmann may not have recognized that his common law defamation claim was fatally missing required elements, even though the employee's report that he had white supremacist tattoos ultimately turned out to be incorrect.[3] And given that tattoos can constitute speech, the Court cannot find that his First Amendment claim was wholly frivolous—regardless of whether that claim is characterized as a claim of "discrimination" as Mr. Friedmann styled it or retaliation as his allegations suggested. Despite Defendants' success on summary judgment and the weakness of Mr. Friedmann's claims, there is insufficient evidence to support a finding that his claims for race discrimination, common law defamation, and a First Amendment violation "were so unreasonable and lacking in foundation so as to justify a fee award." *Kivlin*, 2021 WL 5140260, at *10; *Page v. Jefferson Transit Auth.*, No. C08-5456-RJB, 2009 WL 2884754, at *2–3 (W.D. Wash. Sept. 8, 2009) (declining to award fees against pro se plaintiff after grant of summary judgment).

Because some of Mr. Friedmann's claims were frivolous and some were not, the Court cannot award fees under Section 4.84.185 of the Revised Code of Washington. *Biggs*, 830 P.2d at 354 (finding that "[t]he trial court erred in awarding fees under the statute after having found only three of the four claims for relief in the complaint to be frivolous").

Under federal law, the Court can only award fees "attributable solely to the frivolous claims." *Harris*, 631 F.3d at 972. However, Defendants have not segregated their fees by claim in their motion or billing records, *see generally* Dkt. Nos. 58, 59-3, and the Court cannot award fees based on the percentage of claims that were not wholly frivolous, *Harris*, 631 F.3d at 971. Thus, the Court cannot determine which fees would not have been incurred "but for" the frivolous claims,

---

[3] Mr. Friedmann's statutory defamation claims were frivolous. *Id.* at 22–23.

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 8

*Fox*, 563 U.S. at 839, and Defendants have not met their "burden of establishing that the fees for which [they are] asking are in fact incurred solely by virtue of the need to defend against those frivolous claims," *Harris*, 631 F.3d at 971–72. *See also J.D.H. ex rel. Dominguez v. Las Vegas Metro. Police Dep't*, 745 F. App'x 688, 689 (9th Cir. 2018) (finding that the district court did not abuse its discretion in denying fees when "Defendants failed to meet their burden to establish that the fees were attributable solely to the frivolous claims" (internal quotation marks and citation omitted)). The Court therefore declines to award fees. The Court emphasizes, however, that it would have awarded fees had Defendants carried their burden; this case should serve as a caution to Mr. Friedmann of the potential consequences of filing frivolous claims.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion for Attorney's Fees. Dkt. No. 58.

Dated this 21st day of January, 2025.

Lauren King
United States District Judge